Rogers *v.* The Long Island Railroad Company.

---

ISRAEL J. ROGERS *v.* THE LONG ISLAND RAILROAD COMPANY.

(GENERAL TERM, SECOND DISTRICT, SEPTEMBER, 1869.)

The owner of a trunk sent it to the defendant's railroad depot by an expressman, who placed it within the depot, beside the baggage crate, which was locked, and upon inquiring of persons there, engaged in handling freight, was referred to the ticket agent as the person who took charge of baggage; he went to the ticket agent's office and told him that

there was a trunk outside, the agent said that it was right, and immediately sent two men to take care of it. When the owner inquired for the trunk on purchasing his ticket later in the day, it could not be found though the ticket agent said he had seen one a short time before, answering to its description. Employes of the defendant also said that it had been delivered upon presentation of a check. In an action to recover the value of the trunk and its contents.—*Held*, that there was sufficient evidence of delivery, and a nonsuit was wrong.

*Grosvenor* v. *The N. Y. Central R. R. Co.* (39 N. Y. 34), distinguished.

APPEAL from a judgment of nonsuit upon a case and exceptions.

The action was brought to recover the value of a trunk and its contents, which the plaintiff claimed to have given into the charge of the defendant, previously to taking passage on its road. The facts are stated in the opinion of the court.

*Ira H. Tuthill*, for the appellant.

*S. B. Noble*, for the respondent.

Present—JOSEPH F. BARNARD, GILBERT and TAPPEN, JJ.

By the Court—BARNARD, P. J. There is no doubt but that to render a common carrier liable for goods to be carried by him, there must be a delivery to such carrier, and an acceptance upon the part of the carrier of the goods to be carried. The proof shows in this case that the expressman took the trunk in question to the depot of the defendant at Peck Slip, about noon of the 11th April, 1868. It was marked "Israel Rogers, Riverhead, Long Island." He found inside of the depot gate where he carried the trunk two or three men unloading freight of whom he inquired who took care of baggage. They told him the man in the office. · He went to see the man in the office, and told him there was a trunk outside, he replied all right, and immediately sent two men to take care of it. The trunk was left by the expressman in the place where the baggage was kept and was inside

Rogers *v.* The Long Island Railroad Company.

of the defendant's inclosure and near their baggage crate, which was at the time locked. The man in the office had been defendant's ticket agent for some years. At about three o'clock on the same day, the plaintiff went to the ticket office and bought his ticket for Riverhead, and asked this agent for his trunk. He said he had seen a trunk answering the description a short time before, but did not know where it then was. The employes of the company subsequently informed plaintiff that the trunk had been given to an expressman who had a check corresponding to the one on the trunk.

The case should have gone to the jury. It is enough to establish a delivery in the first instance to prove that a person acting as the agent of the company received· and accepted the property for transportation, even if there be in fact another person who is proved to be the actual agent having charge of the receipt of freight. There is no such proof in this case. The ticket agent was apparently in charge of the depot. The company which sanctions his employment and thus holds him out to the world as its agent, is not at liberty to repudiate his acts.

It seems also that the trunk, in point of fact, came to defendant's possession. The agent had seen it. The defendant had delivered it to a stranger who presented a check. Who checked it? When and where was it checked? It was left unchecked and marked plainly for Riverhead. Why was it redelivered to a stranger at Peck Slip on the day of its receipt?

The case of *Grosvenor* v. *The N. Y. Central R. R. Co.* (39 N. Y., 34), does not control this case. The court hold in that case that the delivery must be in a proper place. That a delivery of a cutter so near the track as to be caught by a passing train, was not a good delivery. No such question is presented by the facts of this case.

The judgment should be reserved and a new trial granted, costs to abide the event.

GILBERT, J., dissented.